# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|        Plaintiff-Respondent, ) | |
| vs. ) | Case No. CR-14-359-M |
| ) |        (CIV-17-503-M) |
| TIMOTHY DEWAYNE WATKINS, JR., ) | |
|        Defendant-Movant. ) | |

## ORDER

Defendant-Movant Timothy Dewayne Watkins, Jr. ("Watkins"), a federal prisoner, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on May 1, 2017. On June 8, 2017, plaintiff-respondent United States of America filed its response to Watkins' motion. Watkins has filed no reply.

I.    Background

On November 13, 2014, a grand jury issued a Superseding Indictment in Case No. CR-14-292-M, charging Watkins, along with several others, with, *inter alia*, armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and possession of a sawed-off shotgun in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(B)(i) and 18 U.S.C. § 2(a). These charges stemmed from Watkins' involvement in the September 15, 2014 armed robbery of the Bank of the West, located at 1201 S. Air Depot, Midwest City, Oklahoma. Similarly, on March 3, 2015, a grand jury issued a Superseding Indictment in Case No. CR-14-359-M, charging Watkins, along with several others, with, *inter alia*, armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and aiding and abetting the brandishing of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2(a). These charges stemmed from

Watkins' involvement in the August 22, 2014 armed robbery of the Oklahoma Federal Credit Union, located at 3210 Belaire Drive, Midwest City, Oklahoma.

On October 9, 2015, pursuant to a plea agreement, Watkins pled guilty to armed bank robbery and aiding and abetting possession of a sawed-off shotgun in furtherance of a crime of violence in Case No. CR-14-292-M and to armed bank robbery in Case No. CR-14-359-M. On May 31, 2016, the Court sentenced Watkins to 264 months of imprisonment, consisting of 144 months of imprisonment for armed bank robbery in Case No. CR-14-292-M and 144 months of imprisonment for armed bank robbery in Case No. CR-14-359-M, to run concurrently, and 120 months of imprisonment for aiding and abetting possession of a sawed-off shotgun in furtherance of a crime of violence in Case No. CR-14-292-M.[1] Watkins did not appeal his judgment or sentence.

II.   Discussion

Watkins asserts four grounds in support of his § 2255 motion: (1) his sentence violates due process and is illegal because bank robbery is no longer a crime of violence; (2) his counsel was ineffective; (3) his sentence of restitution is illegal because it violates due process and is an excessive fine; and (4) his supervised release conditions violate due process and are illegal. The United States asserts that grounds one, three, and four are precluded by the appellate/collateral attack waiver he executed as part of the plea agreement. The United States further asserts that Watkins' ineffective assistance of counsel claim is without merit.

A.   Waiver

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were

---

[1] The sentence was within the advisory guideline range of 235 to 293 months of imprisonment.

knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). The Tenth Circuit has adopted a three-prong analysis for evaluating the enforceability of a plea agreement containing a waiver of appellate rights. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).[2] When assessing the enforceability of a plea agreement containing a waiver of rights, courts must determine: "(1) whether the disputed [issue] falls within the scope of the waiver . . .; (2) whether the defendant knowingly and voluntarily waived his . . . rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." *Id.* at 1325.

> 1. <u>Scope of the waiver</u>

In determining the scope of a waiver of collateral rights, a court strictly construes the language thereof and resolves any ambiguities against the government. *Id.*

Paragraph 13 of Watkins' plea agreement provides:

> 13. Defendant understands that the Court will consider those factors in 18 U.S.C. § 3553(a) in determining his sentence. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which he is pleading guilty. Defendant further understands that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 give him the right to appeal the judgment and sentence imposed by the Court. Acknowledging all this, and in exchange for the promises and concessions made by the United States in this plea agreement, defendant knowingly and voluntarily waives the following rights:
> a. Defendant waives his right to appeal his guilty plea, and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues.
> b. Except as stated immediately below, defendant waives his right to appeal his sentence as imposed by the Court, including any restitution, and the manner in which the sentence is determined. If the sentence is above the advisory guideline range determined by the Court to apply to his case, this waiver does not include

---

[2]The same standard applies to waivers of collateral review. *Cockerham*, 237 F.3d at 1183.

> defendant's right to appeal specifically the substantive reasonableness of his sentence.
>     c. Defendant waives his right to collaterally challenge or move to modify (under 28 U.S.C. § 2255, 18 U.S.C. § 3582(c)(2), or any other ground) his conviction or sentence, including any restitution, except with respect to claims of ineffective assistance of counsel.
> Defendant acknowledges that these waivers remain in full effect and are enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 12.

Plea Agreement at ¶ 13 [docket no. 216].

The Court finds that the above-quoted provision effects a broad and unambiguous waiver of Watkins' appeal and collateral attack rights. The Court further finds that grounds one, three, and four that Watkins asserts in his § 2255 motion fall within Watkins' waiver of collateral attack rights, and specifically within paragraph 13 of the Plea Agreement.

    2.    <u>Knowing and voluntary</u>

Under the second prong of its analysis, the Court must determine whether Watkins' plea and waiver were made knowingly and voluntarily. Watkins bears the burden of presenting evidence from the record that substantiates his allegation of involuntariness. *See Hahn*, 359 F.3d at 1329 (citing *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003)). Further, when deciding whether a waiver is knowing and voluntary, the Court looks to two factors: (1) whether the plea agreement "states that the defendant entered the agreement knowingly and voluntarily," *Hahn*, 359 F.3d at 1325; and (2) whether the waiver was adequately explained to the defendant during a Federal Rule of Criminal Procedure 11 colloquy. *Id.*

In this case, the plea agreement expressly provides that Watkins "knowingly and voluntarily waives . . . his right to collaterally challenge or move to modify . . . his conviction or sentence, including any restitution, . . ." Plea Agreement at ¶ 13. The plea agreement further provides, in the paragraph immediately preceding Watkins and his attorney's signatures, that

"defendant acknowledges that he has discussed [the plea agreement's] terms with his attorney and understands and accepts those terms." *Id.* at ¶ 18.

Additionally, during his change of plea hearing, the Court asked Watkins whether his plea of guilty was the result of a plea agreement, to which he responded in the affirmative. Change of Plea Tr. at p. 10, lns. 19-22. The Assistant United States Attorney prosecuting the case then summarized the relevant terms and conditions of the plea agreement, specifically noting:

> Mr. Watkins also generally waives the right to appeal his conviction and sentence except for an appeal as to the substantive reasonableness of an above-guidelines range sentence and any claim of ineffective assistance of counsel.

*Id.* at p. 12, lns. 1-4. The Court then engaged in the following colloquy with Watkins:

> THE COURT: Mr. Watkins, I would ask you the same thing, you have heard her talk about the various terms and conditions of the plea agreement that all of you as parties in this case have agreed. Were her statements accurate and reflect your understanding of your plea agreement in this case?
>
> THE DEFENDANT: Yes, ma'am.

*Id.* at p. 13, lns. 15-20.

In light of the above, the Court finds that Watkins knowingly and voluntarily entered into his plea agreement and knowingly and voluntarily waived his right to collaterally challenge his conviction or sentence, including any restitution, except with respect to claims of ineffective assistance of counsel.

### 3. Miscarriage of justice

The third prong of the Court's analysis requires that it determine "whether enforcing the waiver will result in a miscarriage of justice." *Hahn*, 359 F.3d at 1327. A "miscarriage of justice" results only "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the

waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001)). A waiver is "otherwise unlawful" only if the court committed plain error that affects a defendant's "substantial rights." *United States v. Olano*, 507 U.S. 725, 732 (1993); *see also Hahn*, 359 F.3d at 1327, 1329. To affect a defendant's "substantial rights," the error must seriously affect "the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (internal quotations omitted); *see also Hahn*, 359 F.3d at 1327, 1329.

The Court begins by noting that Watkins has not alleged the Court relied upon any impermissible factor at sentencing or that his counsel was ineffective in connection with the negotiation of the waiver, and Watkins' sentence does not exceed the statutory maximum. Additionally, after carefully reviewing the parties' submissions, the Court finds that enforcement of Watkins' collateral attack waiver will not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

### 4. Conclusion

Accordingly, for the reasons set forth above, the Court finds that Watkins' waiver of his right to collaterally challenge his conviction and sentence should be enforced and that grounds one, three, and four asserted by Watkins in his § 2255 motion are barred by said waiver.

### B. Ineffective assistance of counsel

Watkins contends that his counsel was ineffective by failing to make a reasonable determination that *Leocal v. Ashcroft*, 543 U.S. 1 (2004), *Johnson v. United States*, 559 U.S. 133 (2010), and *Johnson v. United States*, 135 S. Ct. 2551 (2015) precluded any finding by this Court that bank robbery is a "crime of violence" such that he could be convicted for aiding and abetting

possession of a sawed-off shotgun in furtherance of a crime of violence. To prevail on a claim of ineffective assistance of counsel, Watkins must first show:

> his counsel's performance was constitutionally deficient, i.e., it fell below an objective standard of reasonableness. To make this showing, [movant] must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance that might be considered sound trial strategy. Second, he must demonstrate there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different.

*Moore v. Reynolds*, 153 F.3d 1086, 1096 (10th Cir. 1998), *cert. denied*, 526 U.S. 1025 (1999). *See also Strickland v. Washington*, 466 U.S. 668 (1984). A court is not required to address both components of the test if the movant makes an insufficient showing on one, and, thus, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

The Tenth Circuit has held that a federal conviction for armed bank robbery constitutes a predicate "crime of violence" offense under the elements clause because it has, as an element, "the use, attempted use, or threatened use of physical force against the person of another." *United States v. McGuire*, 678 F. App'x 643, 645 (10th Cir. 2017). In light of the Tenth Circuit's holding in *McGuire*, the Court finds that Watkins' counsel was not ineffective for failing to argue that armed bank robbery was not a crime of violence.

III. Evidentiary Hearing

As set forth above, Watkins' motion does not set forth a basis for relief from his sentence or conviction. Because that conclusion is conclusively shown from the record and from the nature of Watkins' claims, the Court finds there is no need for an evidentiary hearing on this motion. *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995); *United States v. Marr*, 856 F.2d 1471 (10th Cir. 1988); 28 U.S.C. §2255.

IV.     Conclusion

Accordingly, the Court DENIES Watkins' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**IT IS SO ORDERED this 24th day of October, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE